## SUPREME COURT.

CATHARINE HANCOX agt. SAMUEL M. MEEKER, as sole surviving executor, &c., and others.

*Will — Trustee to sell land and invest proceeds — Discretion of trustees as to time to sell and invest.*

The testator, by a clause of his will, directs his executors, after paying certain debts and charges, to divide the residue of his estate into eight equal shares, and invest the same separately each of eight children to have the income of one share for life, the principal sum, upon the death of each child, to go to his or her issue; and in the closing part of the clause the executors are authorized to lease the real estate, and

---

after the death of his wife to sell and convey the same for such prices and upon such terms as they might deem best for the interests of his estate. In an action by one of the children, after the death of the widow, against the sole surviving executor, to compel him to make the division or sale and investment provided for in the will:

*Held* (overruling demurrer to complaint), that the selection of a proper time for the execution of the trust is not within the discretion of the executor; that the trust to divide, invest and sell constitute an equitable conversion of the realty into personalty from the death of the widow; and the trustee should at that time, in the execution of the trust, get the best prices in the disposition of the realty, and that will meet the exigencies of the will.

*Special Term, November,* 1881.

DEMURRER to complaint.

*Theodore F. Jackson,* for demurrer.

*George F. Betts,* opposed.

VAN VORST, *J.* — All the testator's estate, real and personal, was devised and bequeathed to his executors upon trusts which are clearly defined. The question presented by the demurrer arises under the sixth clause of the will.

By the terms of the trust therein declared, the executors, after having made provision for the debts, legacies, taxes and charges, which the will directed should be paid, were instructed to divide the residue of the estate into eight equal parts or shares, and invest the same separately on bond and mortgage, or in United States government or state securities, the income from which separate shares they were to apply to the use of the testator's eight children for life, each child to be entitled to the income arising from one of such eight parts.

Upon the death of each child his issue was to take the principal sum of such eighth part, the income whereof had been given to the parent.

Among the charges imposed upon his estate by the testator, and which his executors and trustees had been directed to

pay, was a bequest to his wife of $12,000 per annum, and she was also to have the use and occupancy of the testator's homestead on Fifth avenue for life.

The debts and charges have all been paid, and the testator's widow died on the 15th day of May, 1878.

All impediments, therefore, in the way of consummating the principal intention of the testator, with respect to a division and investment of his estate, have been removed, and the trust in this regard should now be executed, unless some other part of the will limits the duty of the trustees in this direction, or clothes them with a discretion which is not contained in the devise and direction referred to above.

The complaint alleges that the defendant, who is the sole surviving executor and trustee under the will, has been requested to make the division or sale and investment provided for in the will, but has hitherto wrongfully neglected to do so, to the injury of the plaintiff, who was a daughter of the testator, and is entitled to the income of one of the shares for life.

It is claimed on the behalf of the executor and trustee, who demurs to the complaint, that the selection of a proper time for the execution of this trust, with respect to a division, sale and investment of the residuary estate into shares, is within his discretion, and that under the allegations of the complaint he cannot be hastened, and that it is not alleged that his refusal to act in this direction is capricious, arbitrary or unreasonable.

From what has been already stated, the exercise of a discretion by the executor and trustee as to the period for a division and conversion, would be inconsistent with the positive directions of the will, which itself fixes a time, based upon facts and conditions which have occurred and been fulfilled.

Reference is, however, made by the learned counsel for the defendant executor to the closing part of the sixth clause of the will, by the terms of which the testator authorized and empowered his executors to let or lease his real estate, to

receive the rents and profits thereof, and after the decease of his wife, to sell and convey the same for such prices and upon such terms as they might deem best for the interests of his estate.

This clause of the will must be read in connection with the terms in which the principal trust was created, and which it was doubtless designed to aid, and as the last expression of the testator it is entitled to careful consideration.

The power to lease the real estate is not necessarily inconsistent with the direction to divide and invest the principal, because it might be well executed so long as the testator's widow should live.

The death of the wife would, however, in this view, terminate such power, and would make completely operative the trust to divide and invest, and for such purpose to sell.

By the terms of the will the imperative trust to divide, invest and sell, constitute an equitable conversion of the realty into personalty from the death of the widow, and clearly show that as such conversion is necessary to secure perfect equality in the shares, so, too, it makes plain that it was the intention of the testator that such conversion should actually take place upon the death of his wife.

It is true the trustees were to sell and convey for such prices and upon such terms as they might deem best for the interests of the estate. Such limitation clearly means for the best prices and terms which could be obtained at the time the division, sale and investment was directed to be made. This limitation must be reasonably interpreted. And there is no presumption that such prices and terms may not now, considering the lapse of time since the death of the widow, be secured. The trustee should now, in the execution of the trust, get the best prices and secure the most favorable terms in the disposition of the realty, and that will meet the exigencies of the will and amply protect him. The manifest intention of the testator to secure proper and specific investments for his children, through the division and sale of his

estate, cannot be defeated by an unwillingness on the part of the executor and trustee to accept the best prices and terms which could be secured when the division and investment was directed to be made.

If any facts, however, exist which do not now appear to justify the refusal of the executor and trustee to execute this trust, at this time, they should be set up by way of answer.

There should be judgment for the plaintiff on the demurrer, with liberty to the defendants to answer upon payment of costs.